CLD-129                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3382
_____

ENERVA W. TROTMAN,
                                           Appellant

v.

T. SMITH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00285)
Magistrate Judge:  Honorable Richard A. Lanzillo (by consent)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2020
Before:  JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 12, 2020)
_____

OPINION[*]
_____

PER CURIAM

       Appellant Enerva Trotman, proceeding pro se, filed a civil-rights action naming as

the sole defendant T. Smith, a correctional officer employed at the federal correctional

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

institution where Trotman is confined.  He claimed that Smith engaged in racial discrimination, libel, slander, defamation of character, and religious discrimination.  For relief, he requested that Smith be transferred to another institution and suspended without pay.

The parties consented to proceed before a Magistrate Judge.  See 28 U.S.C. § 636(c)(1).  Smith filed a motion to dismiss, or in the alternative for summary judgment, asserting that Trotman had failed to exhaust his administrative remedies. Smith submitted evidence in support of this assertion.  In response, Trotman submitted no evidence related to exhaustion, but instead expanded upon his allegations.  On March 26, 2019, the Magistrate Judge granted Smith's motion, and dismissed Trotman's claims for failure to exhaust administrative remedies, after concluding that his administrative appeal was properly dismissed as untimely.  Trotman did not file an appeal.

Six months later, on September 26, 2019, Trotman filed a post-judgment motion to reopen the case based on "excusable neglect."  The motion was in the form an affidavit asserting that his failure to exhaust administrative remedies came as a result of prison officials' "egregious misconduct" in failing to forward his  B-10 and B-11 forms.  On October 3, 2019, the Magistrate Judge denied the post-judgment motion, construing it as having been brought under Federal Rule of Civil Procedure 60(b), concluding that Trotman had failed to carry his burden to show his entitlement to relief under Rule 60(b), and that his failure to provide evidence to rebut Smith's motion for summary judgment did not constitute excusable neglect.  Furthermore, the Magistrate Judge reasoned that,

even had Trotman filed his new affidavit in response to Smith's motion, the analysis would have remained unchanged and Trotman's claims still would have been dismissed. Trotman timely appealed the denial of his post-judgment motion.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review the Magistrate Judge's order denying Trotman's post-judgment motion for abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The Prison Litigation Reform Act requires full and procedurally proper exhaustion of all available administrative remedies as a prerequisite to prisoner suits challenging prison conditions under federal law. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."); Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000). Under the administrative-remedies process established by the Bureau of Prisons, an inmate who is dissatisfied with the warden's response to his written Administrative Remedy Request may submit an appeal on a BP–10 form to the Regional Director within 20 days of the date of the warden's response. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the

---

[1] We lack jurisdiction to review the Magistrate Judge's March 26, 2019 order dismissing Trotman's claims. Trotman's notice of appeal, dated October 15, 2019, was untimely with respect to the March 26, 2019 order, see Fed. R. App. P. 4(a)(1)(A), and Trotman's September 26, 2019 post-judgment motion did not toll the time for filing a notice of appeal, see Fed. R. App. P. 4(a)(4)(A)(vi).

Regional Director's response, the inmate may submit a final appeal on a BP–11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's response.  See id.

Here, the warden denied Trotman's Administrative Remedy Request on August 16, 2016.[2]  He had 20 days—until September 5, 2016—to file his appeal to the Regional Director on the BP-10 form.[3]  However, he signed his BP-10 form on September 13, 2016, and it was marked received by the Regional Director on September 19, 2016.  The Regional Director denied the appeal as untimely, and Trotman thereafter filed his appeal to the Central Office on the BP-11 form, which was denied on the ground that his appeal to the Regional Director had been untimely.

In his post-judgment motion, Trotman asserted that prison officials failed to forward his BP-10 and BP-11 forms.  However, even if true, this allegation is irrelevant. Assuming, *arguendo*, that the prison mailbox rule applies to the Bureau of Prisons' grievance system,[4] Trotman signed his BP-10 form on September 13, 2016, well after the September 5, 2016 deadline to submit it to the Regional Director.  Accordingly, the

---

[2] Trotman does not allege that there was any delay in his receipt of the warden's denial.

[3] We note that September 5, 2016 was Labor Day.  Regardless, even were the deadline extended to September 6, 2016, Trotman still failed to meet it.

[4] Cf. BOP Program Statement 1300.16, Administrative Remedy Program (Jan. 6, 2014) (stating that the deadlines provided in § 542.15 "specify the date of the Appeal's receipt in the regional office or the Central Office.  The deadlines have been made deliberately long to allow sufficient mail time.").

Magistrate Judge did not abuse his discretion in denying Trotman's post-judgment motion.[5]

Finding no substantial question raised by this appeal, we will summarily affirm the Magistrate Judge's order.[6]  3d Cir. LAR 27.4 and I.O.P. 10.6.

---

[5] We note that in the Magistrate Judge's opinion dismissing Trotman's claims, he correctly applied the 20-day deadline to file an administrative appeal to the Regional Director, but in his order denying Trotman's post-judgment motion, he incorrectly applied a 30-day deadline.  However, this error did not affect the outcome.

[6] Trotman's motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).